JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Scott Vincent Van Dyke

**(b)** County of Residence of First Listed Plaintiff **Harris County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Matthew Probus, The Probus Law Firm, 10497 Town & Country Way, #930, Houston, TX 77024  (713) 258-2700

## DEFENDANTS

Mary Katherine Alsonso, Rudolph M. Culp, Sarah Patel Pacheco, and Jackson & Walker, LLP

County of Residence of First Listed Defendant **Travis County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
11 U.S.C. sec. 524(a) - Violation of the post-discharge injunction from a bankruptcy discharge

Brief description of cause:
Violation of the injunction on discharge of Ch 7 Bankruptcy

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   8/26/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SCOTT VINCENT VAN DYKE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. _____** |
| | § | **(JURY DEMANDED)** |
| **MARY KATHERINE ALONSO;** | § | |
| **RUDOLPH M. CULP, Individually and as** | § | |
| **dependent administer of the estate of** | § | |
| **Mary Theresa Connelly Van Dyke,** | § | |
| **Deceased; SARAH PATEL PACHECO;** | § | |
| **AND JACKSON WALKER, LLP,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE U.S. DISTRICT JUDGE:

COMES NOW, SCOTT VINCENT VAN DYKE, Plaintiff ("Van Dyke" or the "Plaintiff"), and for cause of action against MARY KATHERINE ALONSO, RUDOLPH M. CULP, Individually and as dependent administrator of the estate of Mary Theresa Connelly Van Dyke, SARAH PATEL PACHECO, and JACKSON WALKER, LLP, would show the Court as follows:

**I.**

**PARTIES**

1.  Plaintiff Scott Vincent Van Dyke is a citizen of the State of Texas residing in Houston, Harris County, Texas.

2.  Defendant Mary Katherine Alsonso ("Alonso") is an individual citizen of the State of Texas residing in Austin, Travis County, Texas and may be served by serving her at her principal place of residence located at 2305 Barton Creek Blvd.#48, Austin, Texas 78735, or wherever she

1

may be found.

3. Defendant Rudolph M. Culp, Individually and as dependent administrator of the estate of Mary Theresa Connelly Van Dyke ("Culp"), is an individual citizen of the State of Texas residing in Houston, Harris County, Texas and may be served by serving him at his principal place of business located at Horrigan, Goehrs, Edwards & Culp, L.L.P., 1401 Truxillo Street, Houston, Texas 77004, or wherever he may be found.

4. Defendant Sarah Patel Pacheco ("Pacheco") is an individual citizen of the State of Texas residing in the Houston metropolitan area and may be served by serving her at her principal place of business located at Jackson Walker, LLP, 1401 McKinney, Suite 1900, Houston, Texas 77010, or wherever she may be found.

5. Defendant Jackson Walker, LLP ("JW") is a Texas limited liability partnership doing business in the State of Texas and may be served by serving its general partner C. Wade Cooper, at its principal office located at 2323 Ross Avenue, Suite 600, Dallas, Texas 75201, or wherever he may be found.

## II.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the matter under 28 U.S.C. § 1331, because the action arises under the laws of the United States. In particular, the Plaintiff's claim is for a violation of the post-discharge injunction under 11 U.S.C. § 524. Further, the Plaintiff seeks a declaratory judgment that the claims of defendants Alonso and Culp have been discharged by the Discharge Order entered in the Plaintiff's Chapter 7 Bankruptcy Case. This Court has personal jurisdiction over the defendants, as they are all citizens of the State of Texas and do business in the State of Texas. Further, the defendants' conduct was committed in the State of Texas.

7. Venue is proper in this district under 28 U.S.C. § 1391(b), because all the defendants reside in the State of Texas. In addition, a substantial part of the events giving rise to the claim occurred in this district.

### III.

### BACKGROUND FACTS

8. On May 25, 2021, Van Dyke filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, Victoria Division (the "Bankruptcy Case")(See Exhibit 1). On May 27, 2021, Van Dyke filed an amended petition under Chapter 11 to correct certain technical errors in the initial Chapter 11 petition. (See Exhibit 2).

9. On December 6, 2021, Van Dyke's mother Mary Theresa Connelly Van Dyke (the "Deceased") died in Houston, Harris County, Texas.

10. On December 15, 2021, Alonso filed her Application for Temporary Administration – Will Not Produced in Court. (Exhibit 3).

11. On December 17, 2021, Alonso filed her Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunction (the "Ancillary Petition") alleging claims and causes of action against Van Dyke, who is her brother, for breach of fiduciary duty, seeking a declaratory judgment that the sale of the Deceased's townhome is void, seeking a constructive trust against the proceeds of sale of the townhome, and seeking injunctive relief. (See Exhibit 4).

12. On January 3, 2022, Van Dyke filed his Suggestion of Bankruptcy in the Probate Lawsuit, giving notice to the Probate Court and Alonso of the Bankruptcy Case. (See Exhibit 5).

13. Van Dyke filed a motion seeking to convert his Bankruptcy Case from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code. On January 31, 2022, the Bankruptcy Court entered an order granting the motion and converting the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code. (See Exhibit 6).

14. On January 31, 2022, the Clerk of the Bankruptcy Court entered a Notice of Chapter 7 Bankruptcy Case. (See Exhibit 7). On February 1, 2022, the Clerk entered an Amended Notice of Chapter 7 Bankruptcy Case. (See Exhibit 8). Those notices provided notice that May 2, 2022, was the deadline for filing an objection to the dischargeability of a debt under 11 U.S.C. § 523. Alonso failed to file a complaint under 11 U.S.C. § 523(a) objecting to the dischargeability of her debt against Van Dyke.

15. On May 6, 2022, Alonso, joined by the Chapter 7 Trustee of the Bankruptcy Case, Catherine Stone Curtis, filed their Joint Motion for an Order Conditionally Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Certain Probate Proceedings to Continue (the "Motion to Lift Stay"). (See Exhibit 9). On June 7, 2022, the Bankruptcy Court entered its Order Conditionally Modifying the Automatic Stay to Permit Certain Probate Proceedings to Continue (the "Lift Stay Order"). (See Exhibit 10). On June 8, 2022, Alonso filed her Notice of Relief from Stay in Bankruptcy – Scott Van Dyke. (See Exhibit 11).

16. On December 6, 2022, the Bankruptcy Court entered its Order of Discharge in Chapter 7 Bankruptcy Case. (See Exhibit 12).

17. On February 9, 2024, Alonso and Culp filed their Second Amended Petition in the Probate Lawsuit with claims against Van Dyke for breach of fiduciary duty, an action for an accounting, and declaratory judgment. Pacheco, an attorney at JW acting within the course and scope of her duties as an attorney at JW, signed the pleading as counsel on behalf of Alonso.

4

Pacheco's actions as counsel for Alonso were taken as an agent for Alonso and are binding on Alonso. Culp, an attorney at Horrigan, Goehrs, Edwards & Culp, L.L.P., signed the pleading as counsel on behalf of himself in his capacity as "Dependent Administrator with Will Annexed of the Estate of Mary Theresa Connelly Van Dyke, Deceased." (Exhibit 13).

18. On May 24, 2024, Van Dyke's counsel asked the Defendants by telephone to dismiss their claims against Van Dyke. On May 29, 2024, Van Dyke's counsel asked the Defendants again by an email to dismiss their claims as barred by the discharge order and in violation of the post-discharge injunction.

19. The Defendants have refused to dismiss their claims against Van Dyke voluntarily. Not only have the Defendants refused to dismiss the claims against Van Dyke voluntarily, but they are actively pursuing their claims against him in the Probate Lawsuit.  Most recently, Culp has filed a motion to compel an accounting, even though all of the accounting documents were provided to Culp over a year ago.  (Exhibit 14).

**IV.**

**<u>CAUSES OF ACTION</u>**

**<u>Violation of the Post-Discharge Injunction</u>**

20. The Defendants' conduct constitutes a violation of the post-discharge injunction imposed by 11 U.S.C. § 524(a). Under section 524(a), a discharge in a case under Title 11 "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). In the Bankruptcy Case, Van Dyke was granted a discharge under 11 U.S.C. § 727. The claims brought by Alonso and Culp were discharged by the discharge order, because those defendants did not request, and the

5

bankruptcy court did not determine, the claims to be excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6), as was required by 11 U.S.C. § 523(c)(1). Nevertheless, after entry of the discharge order, the Defendants continued to take actions against Van Dyke in the Probate Court on the claims and causes of action.

21. As a direct and proximate result of the Defendants' conduct, Van Dyke suffered damages, including but not limited to attorney's fees and costs incurred in defending against the discharged claims since December 6, 2022, mental anguish, and loss of personal and business reputation.

22. The Defendants' conduct was willful and intentional, malicious, oppressive or in reckless disregard of Van Dyke's rights. The Defendants' conduct was committed with actual malice. Alonso has born a deep degree of ill will and spite against Van Dyke through the years. Her conduct in the Probate Case pursuing the claims against Van Dyke has been for the purpose of injuring Van Dyke. In part, her conduct in pursuing claims against Van Dyke is to hide the fact that she has stolen property of the Deceased from the probate estate. Culp's conduct has been taken with a complete indifference to Van Dyke's rights under the discharge order. Further, all the Defendants have acted in the face of the perceived risk that their actions would violate Van Dyke's rights under federal law, namely the post-discharge injunction.  Finally, the Defendants violated the rights of Van Dyke under the post-discharge injunction with unnecessary harshness or severity by misusing or abusing their authority or power and by taking advantage of the weakness and misfortune Van Dyke has lived under trying to establish his fresh start after being discharged of his debts in the bankruptcy. Van Dyke therefore requests an award of exemplary and/or punitive damages against the Defendants.

**Request for Declaratory Judgment**

23. Pursuant to 28 U.S.C. § 2201, Van Dyke seeks a declaratory judgment declaring that the claims, causes of action, and debts of Alonso and Culp asserted in the Probate Case were discharged by the bankruptcy court's discharge order.

**V.**

**JURY DEMAND**

24. In accordance with Fed. R. Civ. P. 38, Van Dyke hereby demands a trial of all issues by jury under the Seventh Amendment of the United States Constitution.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff SCOTT VINCENT VAN DYKE respectfully prays that after a trial by jury, judgment be entered against the Defendants MARY KATHERINE ALONSO, RUDOLPH M. CULP, Individually and as dependent administrator of the estate of Mary Theresa Connelly Van Dyke, SARAH PATEL PACHECO, and JACKSON WALKER, LLP, as follows:

1. Actual damages;

2. Exemplary and/or punitive damages;

3. A declaratory judgment declaring that the claims, causes of action, and debts of Alonso and Culp asserted in the Probate Case were discharged by the bankruptcy court's discharge order;

4. Reasonable and necessary attorney's fees; and

5. Costs of Court.

7

Respectfully submitted,

**THE PROBUS LAW FIRM**

By:*/s/ Matthew B. Probus*
   **Matthew B. Probus**
   (Attorney-in-Charge)
   State Bar No. 16341200
   Fed. I.D. No. 10915

10497 Town & Country Way, Suite 930
Houston, Texas  77024
(713) 258-2700 – Telephone
(713) 258-2701 – Telecopy
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR PLAINTIFF,*
*SCOTT VINCENT VAN DYKE*

8